**IN THE UNITED STATES FEDERAL COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**STEPHEN M. BABBITT AND**
**CHERYL L. BABBITT**
**Plaintiffs**

**V.** **Civil Action No.**

**UNITED STATES OF AMERICA,**
**JOHN DOE, JANE DOE, and**
**AMRITA TAKHAR, M.D.**
**Defendants**

## COMPLAINT
**Federal Tort Claims Act-Medical Negligence**

1. Jurisdiction of this Court is pursuant to the 28 United States Code 1346(b), 1402(b), 2401(b) and 2671-2680, known as the Federal Tort Claims Act. This action is brought against the United States of America by Plaintiff, Stephen M. Babbitt, for claims of injuries due to the medical negligence of employees of the United States of America.
2. Plaintiff has made his administrative claim for these injuries which were incurred at the Providence Veterans Administration Medical Center, Providence, Rhode Island, on April 24, 2017 with the Department of Veterans Affairs, and that claim was denied on January 22, 2018.

## PARTIES

3. Plaintiff, Stephen M. Babbitt, at all times material hereto is a resident of the Town of South Kingstown, County of Washington, State of Rhode Island.
4. Plaintiff, Cheryl L. Babbitt, at all times material hereto is a resident of the Town of South Kingstown, County of Washington, State of Rhode Island and the spouse of the Co-Plaintiff, Stephen M. Babbitt.

5. Defendant, United States of America, is a governmental entity subject to claims, pursuant to the Federal Tort Claims Act, for the acts of employees of the United States at the Providence Veterans Administration Medical Center, Providence, Rhode Island (hereinafter the "Providence VA").

6. Defendant, John Doe an as yet unknown agent, servant, and/or employee of the Defendant, United States of America, is a resident of the State of Rhode Island and is and was, at all times material hereto, a medical provider employed by the Defendant, United States of America.

7. Defendant, Jane Doe an as yet unknown agent, servant, and/or employee of the Defendant, United States of America, is a resident of the State of Rhode Island and is and was, at all times material hereto, a physician licensed to practice medicine in the State of Rhode Island and employed by the Defendant, United States of America.

8. Defendant, Amrita Takhar, MD, upon information and belief is a resident of the State of Rhode Island and at all times material hereto, a physician licensed to practice medicine in the State of Rhode Island and was employed by the Defendant, United States of America.

## FACTUAL AVERMENTS

9. Paragraphs 1 through 8 are re-alleged and incorporated herein by reference.

10. Plaintiff, Stephen M. Babbitt, was a patient at the Providence VA from October 22, 2013 through and including the present.

11. On or about October 22, 2013, Plaintiff, Stephen M. Babbitt, was examined by Defendant, Amrita Takhar, MD, as a result of various medical conditions.

12. Defendant, Amrita Takhar, MD, ordered laboratory testing, including blood work. Said blood work demonstrated an elevated Prostate Specific Antigen (hereinafter PSA).

13. The results of said testing is suggestive of Prostate Cancer. At that time, these results were not conveyed to Plaintiff, Stephen M. Babbitt.

14. Plaintiff, Stephen M. Babbitt, was subsequently diagnosed with Prostate Cancer after additional laboratory testing and biopsies, which occurred on or about May 27, 2015.

15. Plaintiff, Stephen M. Babbitt, contends that the delay in diagnosis and treatment of Prostate Cancer has led to severe pain of body and mind, emotional and mental anguish and other damages.

## COUNT I

16. Paragraphs 1 through 15 are re-alleged and incorporated herein by reference.

17. On October 22, 2013 and on various dates thereafter, the Defendant, United States of America, through its agents, servants and/or employees at the Providence VA Hospital, undertook to treat, diagnose and care for the Plaintiff, Stephen M. Babbitt.

18. On October 22, 2013 and on various dates thereafter, the Defendant, John Doe an as yet unknown agent, servant, and/or employee of the Defendant, United States of America, undertook to treat, diagnose and care for the Plaintiff, Stephen M. Babbitt.

19. On October 22, 2013 and on various dates thereafter, the Defendant, Jane Doe an as yet unknown agent, servant, and/or employee of the Defendant, United States of America, undertook to treat, diagnose and care for the Plaintiff, Stephen M. Babbitt.

20. On October 22, 2013 and on various dates thereafter, the Defendant, Amrita Takhar, MD, an employee of the Defendant, United States of America, undertook to treat, diagnose and care for the Plaintiff, Stephen M. Babbitt.

21. At all times relevant hereto, the physicians and other medical professionals at the Providence VA were agents, servants and/or employees of the Defendant, United States of America and were acting within the scope of their agency or employment.

22. At all times relevant hereto, the physicians and other medical professionals at the Providence VA owed a duty to Plaintiff, Stephen M. Babbitt, to exercise the degree of skill and care ordinarily exercised by physicians and other medical professionals practicing medicine at the time in question.

23. At all times relevant hereto, Defendant, United States of America, by and through its agents, servants and/or employees at the Providence VA, owed a duty to Plaintiff, Stephen M. Babbitt, to exercise the degree of skill and care ordinarily exercised by hospitals providing medical services.

24. At all times relevant hereto, Defendant, John Doe an as yet unknown agent, servant, and/or employee of the Defendant, United States of America, owed a duty to Plaintiff, Stephen M. Babbitt, to exercise the degree of skill and care ordinarily exercised by physicians or other medical providers at the time in question.

25. At all times relevant hereto, Defendant, Jane Doe an as yet unknown agent, servant, and/or employee of the Defendant, United States of America, owed a duty to Plaintiff, Stephen M. Babbitt, to exercise the degree of skill and care ordinarily exercised by physicians at the time in question.

26. At all times relevant hereto, Defendant, Amrita Takhar, MD, owed a duty to Plaintiff, Stephen M. Babbitt, to exercise the degree of skill and care ordinarily exercised by physicians practicing medicine at the time in question.

27. Nonetheless, Defendant, United States of America, through its agents, servants and/or employees at the Providence VA, breached its duty as aforesaid and negligently failed to timely diagnose and treat the Plaintiff's medical condition, and otherwise negligently diagnosed, treated and cared for the Plaintiff and failed to exercise reasonable care in the treatment of Plaintiff.
28. Nonetheless, Defendant, John Doe an as yet unknown agent, servant, and/or employee of the Defendant, United States of America, breached his duty as aforesaid and negligently failed to timely diagnose and treat Plaintiff, Stephen M. Babbitt's, medical condition, and otherwise negligently diagnosed, treated and cared for Plaintiff and failed to exercise reasonable care in the treatment of Plaintiff.
29. Nonetheless, Defendant, Jane Doe an as yet unknown agent, servant, and/or employee of the Defendant, United States of America, breached her duty as aforesaid and negligently failed to timely diagnose and treat Plaintiff, Stephen M. Babbitt's, medical condition, and otherwise negligently diagnosed, treated and cared for Plaintiff and failed to exercise reasonable care in the treatment of Plaintiff.
30. Nonetheless, Defendant, Amrita Takhar, MD, breached her duty as aforesaid and negligently failed to timely diagnose and treat Plaintiff, Stephen M. Babbitt's, medical condition, and otherwise negligently diagnosed, treated and cared for Plaintiff and failed to exercise reasonable care in the treatment of Plaintiff.
31. As a direct and proximate result of the Defendants' breach of duty as aforesaid, Plaintiff, Stephen M. Babbitt, suffered severe pain of body and mind, emotional and mental anguish and distress, incurred medical expenses, required extensive medical treatment and

hospitalization, sustained a loss of income and earning capacity, and otherwise suffered damages.

**WHEREFORE,** Plaintiff, Stephen M. Babbitt, demands judgment against the Defendants, United States of America, John Doe, Jane Doe and Amrita Takhar, MD, in a sum in excess of the jurisdictional requirements of this Court, together with interests and costs.

**COUNT II**
**(Loss of Consortium, Cheryl L. Babbitt)**

32. Paragraphs 1 through 31 are re-alleged and incorporated herein by reference.

33. As a direct and proximate result of Defendants' negligence, Plaintiff, Cheryl L. Babbitt, has sustained a loss of society, companionship and consortium and the Defendant is liable to said Plaintiff pursuant to R.I.G.L. §9-1-41 for its acts as complained of herein.

**WHEREFORE,** Plaintiff, Cheryl L. Babbitt, demands judgment against the Defendants, United States of America, John Doe, Jane Doe and Amrita Takhar, MD, in a sum in excess of the jurisdictional requirements of this Court, together with interests and costs.

Plaintiffs,
By Their Attorney,

*/s/ Joseph P. Marasco*

Joseph P. Marasco, Esq. (#4655)
MARASCO & NESSELBUSH, LLP
685 Westminster Street
Providence, Rhode Island 02903
Tel.: (401) 274-7400
Fax: (401) 274-7404
E-mail: jmarasco@m-n-law.com

Dated: May 16, 2018

**PLAINTIFFS HEREBY DEMAND AND CLAIM THEIR RIGHT TO TRIAL TO BY JURY**